IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SAMUEL IGBINIGIE, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 3:08-CV-58 (CDL) |
| WELLS FARGO BANK, N.A., as successor in interest by merger with Wells Fargo Home Mortgage, Inc. d/b/a America's Servicing Company, | * * * | |
| Defendant. | * | |

O R D E R

This action arises from *pro se* Plaintiff Samuel Igbinigie's allegations that Defendant America's Servicing Company engaged in predatory lending practices. Presently pending before the Court is Defendant's Motion to Dismiss (Doc. 6). For the following reasons, the Court grants Defendant's Motion to Dismiss.

FACTUAL ALLEGATIONS[1]

On February 20, 2007, Plaintiff entered into a consumer credit transaction (the "Transaction") with AMPRO Mortgage Corporation to purchase property located at 845 Store House Court in Monroe, Georgia (the "Property"). (Compl. 2 ¶¶ 1, 2.) Plaintiff contends that the Transaction was a high rate mortgage within the meaning of the Home

---

[1]Defendant disputes many of these alleged facts; moreover, the factual allegations in Plaintiff's Complaint are not entirely clear. However, when analyzing a motion to dismiss, the Court is required to construe the allegations in the Plaintiff's Complaint in his favor and accept as true the facts as Plaintiff alleges. *See, e.g., Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Ownership and Equity Protection Act of 1994 ("HOEPA"), Pub. L. No. 103-325, 108 Stat. 2190 (codified in scattered sections of 15 U.S.C.).

On June 5, 2008, Plaintiff filed his Complaint in the Superior Court of Walton County, Georgia, contending that Defendant violated HOEPA because Defendant failed to furnish Plaintiff with disclosures required under HOEPA and because the Transaction contained abusive terms prohibited by HOEPA. (Compl. 3-4 ¶¶ 9, 10.) Plaintiff also contends that Defendant violated provisions of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, by failing to deliver all material disclosures required by law. (*Id.* at 4 ¶ 11.) Finally, Plaintiff contends that Defendant "has engaged in a pattern or practice of extending credit to consumers under high rate mortgages" and "failed to have a valid appraisal done on the [P]roperty." (*Id.* at 3 ¶ 6, 4 ¶ 12.)

Plaintiff asserts that these HOEPA and TILA violations entitled him to rescind the Transaction on May 10, 2008. Plaintiff asserts that more than ten days have passed since Plaintiff rescinded the Transaction, and Defendant has yet to take action necessary to terminate its security interest in the Property. (Compl. 4-5 ¶¶ 14-16.) Plaintiff therefore contends that he is entitled to damages for Defendant's alleged HOEPA violations, TILA violations, and its failure to terminate its security interest in the Property. Plaintiff seeks (1) rescission of the Transaction; (2) a declaration

2

that Defendant's security interest in the Property is void and an order to that effect; (3) return of money or property given by Plaintiff in connection with the Transaction; (4) statutory damages of $6000; (5) additional damages reflecting finance charges and fees paid by Plaintiff; (6) actual damages in an amount to be determined at trial; and (7) attorney fees and costs. (Compl. 6-7.)

Defendant filed the presently-pending motion on July 16, 2008, arguing that Plaintiff's Complaint should be dismissed for insufficient process, insufficient service of process, and failure to state a claim upon which relief may be granted. Plaintiff failed to respond to Defendant's motion.

## DISCUSSION

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). It is therefore reversible error for a district court to address the merits of a cause of action when the plaintiff has failed to properly effect service of process in accordance with Federal Rule of Civil Procedure 4. *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182-83 (11th Cir. 2007) (per curiam) ("Because [plaintiff] failed to serve defendants properly, we find that this case should have been dismissed without prejudice. It was, therefore, improper for the district court to have reached the merits in this case and to have issued a dismissal

3

with prejudice." (internal citation omitted)).  Consequently, the Court will address Defendant's Rule 4 argument first.

Defendant contends that it "is a national association registered to do business in the State of Georgia, having a registered agent in Georgia, and is therefore entitled to service pursuant to Fed. R. Civ. P. 4(h)." (Def.'s Mot. to Dismiss 12.)  However, Plaintiff's allegedly defective service of process occurred while the case was still pending in the Superior Court of Walton County, Georgia.  Thus, the Court "may consider the sufficiency of process after removal and does so by looking to the state law governing process." *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985) (per curiam).[2]

Georgia law requires the summons and the complaint to be served together, and the summons must (1) be signed by the clerk; (2) contain the names of the court, county, and parties; (3) be directed to the defendant; (4) state the name and address of the plaintiff's attorney or the plaintiff; (5) state the statutory time limit in which the defendant must appear; and (6) inform the defendant that if he does not appear, default judgment may be rendered against him. O.C.G.A. § 9-11-4(b), (e).  When "the action is against a corporation incorporated or domesticated under the laws of this state or a

---

[2]Georgia law is also implicated by Federal Rules of Civil Procedure 4(e) and 4(h), which permit a corporation to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).

foreign corporation authorized to transact business in this state" then "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof" must be personally served with the complaint and summons. *Id.* § 9-11-4(e)(1). If service cannot be provided in this manner, the Georgia Secretary of State may receive service of process on behalf of a corporation so long as the plaintiff complies with the requirements set forth in the statute. *Id.*

It appears from the present record that Plaintiff simply mailed a copy of the Complaint and summons to "America's Servicing Company" at its Iowa office. (*See* Def.'s Mot. to Dismiss 12.) "There is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail . . . ." *KMM Indus., Inc. v. Prof'l Ass'n, Inc.*, 164 Ga. App. 475, 475, 297 S.E.2d 512, 513 (1982). The summons also fails to comply with O.C.G.A. § 9-11-4(b) because it does not contain the Plaintiff's address. (*See* Ex. A to Def.'s Notice of Removal 23, Summons.) The fact that Defendant apparently received actual notice of this lawsuit "does not obviate the need for proper service." *KMM Indus., Inc.*, 164 Ga. App. at 475, 297 S.E.2d at 513; *see also Jackson*, 259 F. App'x at 182 n.2 (observing that "actual notice of a suit does not dispose of the requirements of service of process"). The Court therefore concludes that based upon the present record, Plaintiff

failed to perfect service in accordance with Georgia law prior to Defendant's removal of the case to this Court.

Plaintiff's failure to perfect service prior to removal does not end the Court's inquiry, however. "Although the district court must look to state law to ascertain whether service was properly made prior to removal, this does not foreclose service being effected in the district court." *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972).[3]  Federal law provides,

> In all cases removed from any State court to any district court . . . in which the service [of process] has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.  Thus, "[n]otwithstanding his deficient attempt at service of process under state law, Plaintiff may still perfect service after removal[] under the provisions of federal law[.]" *Rentz v. Swift Transp. Co.*, 185 F.R.D. 693, 697 (M.D. Ga. 1998); *see also Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d 717, 720 (E.D. Mich. 2006) ("[A]fter an action is removed, federal law governs, and defects in service can be cured in accordance with federal rules of procedure."); *Weinberg v. Colonial Williamsburg, Inc.*, 215 F. Supp. 633, 635 (E.D.N.Y. 1963) (refusing to dismiss a removed case on the grounds that process was defective under state law "since, in a

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

6

removed action, if the original service was defective, service of new process under 28 U.S.C. § 1448 may be authorized").

Under federal law, Plaintiff is required to serve process "within 120 days after the complaint is filed[.]" Fed. R. Civ. P. 4(m). Plaintiff filed his case in state court on June 5, 2008, and Defendant removed the case to this Court on July 10, 2008. Defendant's notice of removal expressly warned Plaintiff that Defendant had yet to be properly served with process. (Notice of Removal ¶ 7 ("[Defendant] specifically avers that, as of the date of this Notice of Removal, Defendant has not been properly served with process, and preserves all defenses related thereto.").) Notwithstanding this warning, Plaintiff failed to perfect service by October 3, 2008, 120 days after the Complaint was filed.

The Court also recognizes authority, however, which suggests that the 120-day time limit for perfecting service under the Federal Rules of Civil Procedure should not begin to run until the case is removed from state court. *See, e.g., Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997); *see also Kimbrough v. City of Cocoa*, No. 6:05-CV-471, 2006 WL 1643364, at *1 (M.D. Fla. June 6, 2006); *Motsinger v. Flynt*, 119 F.R.D. 373, 377 (M.D.N.C. 1988). These courts reason that commencing the 120-day period for service of process on the date of removal "provides an appropriate balance which accommodates the federal interest in insuring that process will be timely served yet does not penalize the

7

plaintiff or give undue advantage to the defendant[.]" *Motsinger*, 119 F.R.D at 377. Under this construction, the time for service of process would not expire until November 7, 2008, 120 days after the case was removed to this Court.

The Court finds it unnecessary to resolve this issue. Regardless of whether the 120-day time limit commences upon the filing of the state court complaint or upon the notice of removal, Plaintiff has already had a minimum of 120 days to serve process upon Defendant. Moreover, Plaintiff has failed to even respond to Defendant's motion to dismiss, much less attempt to show the Court good cause for his failure to perfect service. *See* Fed. R. Civ. P. 4(m) (permitting the Court to "extend the time for service for an appropriate period" when the plaintiff demonstrates "good cause" for its failure to perfect service). A party's "*pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 348 n.4 (11th Cir. 2006) (per curiam). The Court therefore dismisses Plaintiff's claims without prejudice for failure to perfect service of process. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 6) is granted, and Plaintiff's claims are dismissed without prejudice.

IT IS SO ORDERED, this 10th day of November, 2008.

 S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE